STATE, BARNEGAT CITY BEACH ASSOCIATION v. WILLIAM BUSBY.

1. Where the Court of Common Pleas of a county has jurisdiction to grant licenses under the act concerning inns and taverns, this court will not, on *certiorari,* review its discretion in granting or refusing license, or look into the facts upon which such discretion is exercised.

2. Covenants in deeds not to sell intoxicating liquors on premises for which a license is sought, however they may bind the parties to such deeds, are no legal restraint upon the court in granting tavern licenses for the public convenience.

On *certiorari.*

Argued at June Term, 1882, before Justices SCUDDER and KNAPP.

For the prosecutors, *C. G. Garrison.*

For the defendant, *P. L. Voorhees.*

The opinion of the court was delivered by

KNAPP, J.   This writ issued to bring up an order of the Court of Common Pleas of the county of Ocean, granting a license to William Busby to keep an inn and tavern at Barnegat city, in said county.   The use of the writ for this purpose can only be justified on the ground that the court had no jurisdiction to grant such license, because where such power exists, its exercise is made by the statute discretionary in that court, and such discretion has never been made the subject of review here on *certiorari.*

An examination of the case shows that an application in proper form was duly presented to the court by the licensee, subscribed by the requisite number of freeholders, verified by an affidavit in the prescribed form.   This gave jurisdiction to the court, as it was under the act concerning inns and taverns authorized to grant such licenses.   The objection is made that the petition and recommendation are too uncertain as to the place where the tavern is to be kept, namely, " in the house now building at Barnegat city, in the township of Ocean."   This may have been sufficiently certain to the court having the power and the duty to decide upon the necessity and public convenience of the inn petitioned for, and we must presume that it was so, inasmuch as we have no means of ascertaining

Barnegat Beach Association v. Busby.

what knowledge or information on the subject the judges were possessed of. For it is without authority or precedent for this court to interfere with the discretion of the Common Pleas in the exercise of this branch of their power, or to examine into the facts upon which its exercise is based. How the court understood this petition, appears in the license which it granted to the applicant to keep an inn and tavern in the house where he then dwelt. The question of jurisdiction is not affected by the existence of covenants and conditions against open bars for the sale of intoxicating drinks, contained in the deeds for lands in this locality. However binding they may be upon the parties to such instruments, they are in no wise obligatory upon the court in the exercise of its statutory discretion to grant licenses for the public convenience, nor can such provisions render licenses granted invalid.

The writ of *certiorari* should, therefore, be dismissed, with costs.