23882

Carolyn Miles McLEOD, Trustee for Lawrence B. Miles, under Will of Sallie A. Miles, Probate Court Docket No. 84-ES000025, Respondent v. David J. BAPTISTE and Kathleen M. Baptiste, Appellants.

(433 S.E. (2d) 834)

Supreme Court

*W. Duvall Spruill* and *Jeffrey L. Payne*, Columbia, *for appellants*.

*Michael O.W. Edens*, Columbia, *for respondent*.

Heard May 4, 1993.

Decided July 6, 1993.

FINNEY, Justice:

The dispositive issue in this case is whether respondent (trustee), the original grantor of a restrictive covenant, has

---

standing to enforce that covenant against a remote grantee when the trust no longer owns any real property which would be benefitted by its enforcement. The trial court found that the trustee had standing, and enforced the covenant against appellants. We reverse.

The trustee held title to certain real property for her brother's benefit pursuant to a testamentary trust. She sold all this property to Snyder in 1986 subject to certain restrictions. The restriction at issue here provided that the seller had the right to approve "the architectural design of all construction of buildings. . . ." Snyder subsequently sold the property to a third party who then sold it to appellants. Appellants built an outbuilding, and began building a play platform in the property's woods for their children's use without obtaining the trustee's permission. The trustee then brought this injunctive action.

Whether the grantor of a restrictive covenant may enforce that covenant against a remote grantee when the grantor owns no real property which would benefit from enforcement is a novel issue in South Carolina. In *Dunlap v. Beaty*, 239 S.C. 196, 122 S.E. (2d) 9 (1961), we held the original grantor had standing to enforce restrictive covenants against her original grantee, noting the grantor still owned property which would be affected by the grantee's breach of the conditions. Although not directly on point, *Dunlap* indicates that a person seeking to enforce a covenant must be benefitted by that act. This holding accords with the majority rule that the grantor lacks standing to enforce a covenant against a remote grantee when the grantor no longer owns real property which would benefit from the enforcement of that restrictive covenant. *See* 51 A.L.R. (3d) 556 *Restrictive Covenants—Who May Enforce* (1973); 20 Am. Jur. (2d) *Covenants, Conditions and Restrictions* § 290 (1965). We therefore adopt the majority rule and hold the trustee lacked standing to enforce this covenant against appellants since the trust no longer owns any real property which would benefit from the covenant's enforcement. Accordingly, the trial court's order is

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.