24317

Carolyn Anderson BAZZLE, Appellant v. Thomas E. HUFF, Respondent. In the Matter of JOHN W. HEATON, INC., d/b/a/ Precision Machine Works, Inc., Employer, and United States Fidelity and Guaranty Company, Carrier, Defendants.

(462 S.E. (2d) 273)

Supreme Court

*Carolyn Anderson Bazzle*, Aiken, *pro se.*

*Thomas E. Huff*, North Augusta, *pro se.*

Heard Mar. 9, 1995.

Decided Sept. 18, 1995.

FINNEY, Chief Justice:

Appellant, Carolyn Bazzle, initiated a hearing before the Workers' Compensation Commission to settle various matters including payment of attorney's fees. The single commissioner issued an order requiring respondent to refund attorney's fees in the amount of $650 paid prior to September 1990 for appearances in supplementary hearings. The commissioner concluded the commission had discretionary authority to approve attorney's fees. The full commission reversed the single commissioner and the circuit court affirmed. We affirm.

The key issue is whether the Workers' Compensation Commission had authority to require approval of attorney's fees prior to the effective date of regulations authorizing the commission to do so.

S.C. Code Ann. § 42-15-90 (1985) provides in pertinent part "[f]ees for attorneys . . . for services under this title shall be subject to the approval of the Commission." S.C. Code Ann. § 42-3-185 (1985) provides that:

> [a]ny policies or procedures implementing the provisions of § 42-15-90 shall become effective only when such implementation is accomplished by regulations promulgated in accordance with the administrative Procedures Act, which proposed regulations shall have before promulgation received approval of the Judiciary Committees of the Senate and House of Representatives and also by concurrent Resolution of the General Assembly.

Prior to September 2, 1990, when appellant incurred the fees at issue here, there were no regulations promulgated pursuant to § 42-3-185.[1] While the commission required attorneys to seek approval of fees, it did not have the authority to do so. An administrative agency has only such powers as have been conferred by law and must act within the authority granted for that purpose. *See Triska v. Dept. of Health & Environmental Control*, 292 S.C. 190, 355 S.E. (2d) 531 (1987). Actions by the commission to require the submission and approval of attorney's fees prior to the effective date of the regulation exceeded their statutory authority and thus were null and void. *Id.* at 533.

The circuit court noted the attorney's fees were incurred as a result of an agreement between attorney and client for representation on appeal. At the time Bazzle contracted for respondent's legal services, the regulations had not been promulgated. Absent statutory or regulatory authority, the commission lacked jurisdiction to affect the private contract rights between attorney and client. We affirm.

Appellant also asserts the commission is bound by a prior order of a single commissioner ordering respondent to refund attorney's fees. That order was not appealed and the fees were refunded. The present appeal involves a different fee and order, thus the full commission was not bound by that single commissioner's order.

---

[1] Regulations were approved by Joint Resolution, R 635 and became effective on September 2, 1990. 25A S.C. Code Ann. Reg. 67-1204 (1990).

Appellant contends the fees collected by respondent above the one-third contingency fee are excessive and violate the codes of professional responsibility and ethics. This issue was not raised below, thus it need not be considered by this court. *Ford v. Allied Chemical Corp.*, 252 S.C. 561, 167 S.E. (2d) 564 (1969).

For the foregoing reasons we affirm the order of the circuit court. Each party will bear his/her own costs and attorney's fees associated with this appeal.

Affirmed.

MOORE and WALLER, JJ., and A. LEE CHANDLER and GEORGE T. GREGORY, Jr., Acting Associate Justices, concur.