THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wedgefield Plantation Association,       
Appellant,
 
 
 

v.

 
 
 
Cindy M. Chavis and Charles J. Chavis,       
Respondents.
 
 
 

Appeal From Georgetown County
David J. Mills, Special Referee, Circuit 
 Court Judge

Unpublished Opinion No. 2004- UP-033
Submitted November 19, 2003 – Filed 
 January 20, 2004

AFFIRMED

 
 
 
Robert J. Moran, of Murrells Inlet, for Appellant. 
Jack M. Scoville, Jr., of Georgetown, for Respondents.
 
 
 

PER CURIAM:  Wedgefield Plantation Association sued 
 homeowners Cindy M. and Charles J. Chavis to enforce a provision of a restrictive 
 covenant requiring pre-approval by the Association’s Architectural Review Committee 
 of various structures on their property.  The referee ruled the Chavises were 
 in violation of the covenant and ordered the barriers removed, but denied the 
 Association’s request for costs and attorney’s fees.  The Association appeals 
 this one issue.  We affirm. [1] 
FACTS
Equity Development Corporation ("EDC”), the original 
 developer, established Wedgefield Plantation as a gated community in the early 
 1970s.  Title to each of the single family lots was conveyed by indenture deed 
 which containing twenty-five specific restrictions and covenants.  Covenant 
 1 requires approval from EDC prior to the erection of any structure on a lot.  
 EDC also organized the Association at the beginning of the project, and all 
 property owners were required to join pursuant to covenant 10.  The indenture 
 deed also contained a number of provisions granting authority to EDC to enforce 
 the restrictions.  The indenture deed contained no provision for recovery of 
 costs and attorney’s fees. 
The Chavises purchased their home in 1999 by deed 
 that explicitly referenced the indenture deed.  At some point they installed 
 barriers at either end of their drive without seeking approval from the Association’s 
 Architectural Review Committee.  Because EDC went bankrupt and has been defunct 
 for many years, this action to enforce the covenants and restrictions was brought 
 by the Association to enforce covenant 1 of the indenture deed.  The referee 
 found the Chavises were in violation of the restrictions, but denied the Association’s 
 request for attorney’s fees and costs.  In denying the request, the referee 
 noted the indenture deed and not the by-laws constituted the contract between 
 the parties.  The referee also held that the right to recover attorney’s fees 
 was controlled by the indenture deed, it contained no such provision, and there 
 had been no amendment consented to by the parties to include such a provision.  
 The Association appeals the referee’s denial of costs and attorney’s fees.  

LAW/ANALYSIS
As a threshold issue, a question was raised at 
 the hearing as to the authority of the Association to enforce the restrictions 
 because the recorded covenants and restrictions only specifically refer to EDC 
 as having that authority.  However, there has been no appeal from the referee’s 
 ruling that the Association has standing and the authority to enforce the provisions 
 of the restrictions in the same fashion that EDC could have had EDC still been 
 in existence.  ML-Lee Acquisition Fund, LP v. Deloitte & Touche, 
 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding an unappealed ruling 
 is the law of the case and cannot be later challenged).    
The Association further argues that its by-laws 
 are enforceable as a contract between the Association and its members and among 
 its members and, therefore, provisions within the by-laws authorizing costs 
 and attorney’s fees should be given effect.  We disagree.
It is well established that "[a]ttorney’s fees 
 are not recoverable unless authorized by contract or statute.”  Dowaliby 
 v. Chambless, 344 S.C. 558, 544 S.E.2d 646, 647-648 (Ct. App. 2001) (quoting 
 Jackson v. Speed, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997)); see 
 also Blumberg v. Nealco, Inc., 310 S.C. 492, 493, 427 S.E.2d 659, 
 660 (1993) ("The general rule is that attorney’s fees are not recoverable unless 
 authorized by contract or statute.”). 
The referee held that the Association succeeded 
 to the rights of EDC and had standing to enforce the covenants as its assign.  
 McLeod v. Baptiste, 315 S.C. 246, 433 S.E.2d 834, 835 (1993) ("[A] person 
 seeking to enforce a covenant must be benefited by that act”).  However, that 
 enforcement authority was limited to the powers reserved to EDC as outlined 
 in the indenture deed.  At common law, an assignee’s rights and powers can be 
 no greater than those of his assignor.  Rosemond v. Campbell, 288 S.C. 
 516, 523, 343 S.E.2d 641, 645 (Ct. App. 1986) (citing Dixie Wood Preserving 
 Co. v. Albert Gersten & Associates, 244 S.C. 57, 135 S.E.2d 368 (1964)).  
 Here, the original grantor’s authority was derived from the indenture deed referenced 
 in each property owner’s deed.  The indenture deed was the contract between 
 the homeowners and EDC, and makes no mention of any right to an award of attorney’s 
 fees and costs.  Accordingly, the original grantor could not have collected 
 fees and costs and therefore neither may the Association.  
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.