595 S.E.2d 851

**MARLBORO PARK HOSPITAL and Chesterfield General Hospital, Appellants,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and Doctor's Outpatient Surgical Clinic, LLC, Respondents.**

No. 3774.

Court of Appeals of South Carolina.

Heard Jan. 14, 2004.

Decided March 30, 2004.

Rehearing Denied May 19, 2004.

---

· David B. Summer, Jr. and Faye A. Flowers, both of Columbia, for Appellants.

E. Katherine Wells, of Columbia; Michael A. Molony and Stephen L. Brown, both of Charleston; and Douglas Jennings, Jr., of Bennettsville, for Respondents.

KITTREDGE, J.:

Marlboro Park Hospital and Chesterfield General Hospital (Hospitals) appeal the circuit court's decision affirming the

South Carolina Department of Health and Environmental Control Board's (the DHEC Board) grant of a certificate of need to Doctor's Outpatient Surgical Clinic (DOSC), which reversed the decision of a South Carolina Administrative Law Judge (ALJ) denying the certificate. On appeal, the Hospitals argue the circuit court erred in (1) affirming the DHEC Board's *de novo* review of the ALJ's decision; and (2) finding that the ALJ improperly considered evidence not presented at a preceding Staff Review Hearing conducted by the South Carolina Department of Health and Environmental Control (DHEC). We agree and reverse, finding the DHEC Board erred in using a *de novo* standard of review rather than one requiring substantial evidence. Additionally, we find that substantial evidence supports the decision of the ALJ. We further find that the ALJ properly considered evidence not presented to DHEC in a preceding Staff Review Hearing because the evidence was related to issues presented during that hearing. Accordingly, we reverse and remand to the circuit court to reinstate the decision of the ALJ.

## *FACTS/PROCEDURAL HISTORY*

DOSC filed its application for a certificate of need with DHEC in 1998, seeking to construct an ambulatory surgery center in Bennettsville. The Hospitals opposed the application.

DHEC conducted a Staff Review Hearing on the application during which both parties presented information supporting their respective positions. In particular, the Hospitals argued that the proposed outpatient surgery center would adversely impact the Hospitals and need for the center was insufficient. DHEC recommended approval of the application for the certificate of need.

The Hospitals requested a contested case hearing before the ALJ. The ALJ conducted a hearing over a seven-day period, during which both sides presented evidence and testimony from eighteen witnesses. After making findings of fact, the ALJ concluded the application did not meet the legal criteria for approval of the certificate of need. The ALJ's decision was based in part on the lack of need of a facility and in part on the negative impact the facility would have on the Hospitals.

DOSC appealed this decision to the DHEC Board. In a hearing lasting a little over one hour, the DHEC Board heard oral arguments from both parties. It subsequently issued its order reversing the order of the ALJ and granting the certificate of need. The Board set forth its own findings of fact that contradicted many of the ALJ's findings.

The Hospitals appealed to the circuit court, which affirmed the DHEC Board's decision. The Hospitals subsequently filed a motion for reconsideration, which the circuit court denied. This appeal follows.

## LAW/ANALYSIS

### I. The Board's Standard of Review

█ The Hospitals argue the Board improperly found facts according to its own view of the evidence utilizing a *de novo* standard. We agree.

█ The ALJ presides over all hearings of contested DHEC permitting cases. *See* S.C.Code Ann. § 1–23–600(B) (Supp.2002). In such cases, the ALJ serves as the finder of fact. *Brown v. S.C. Dep't of Health & Envtl. Control,* 348 S.C. 507, 512, 560 S.E.2d 410, 413 (2002). On appeal of such a contested case, a reviewing tribunal "must affirm the ALJ if the findings are supported by substantial evidence, not based on the [Board's] own view of the evidence." *Dorman v. Dep't of Health & Envtl. Control,* 350 S.C. 159, 166, 565 S.E.2d 119, 123 (Ct.App.2002). Here, DHEC's Board indisputidly sat in an appellate capacity when reviewing the ALJ's decision. We find that the DHEC board erred by applying a *de novo* standard of review rather than a "substantial evidence" standard.[1]

### II. ALJ's Consideration of New Evidence

█ The Hospitals further assign error to the DHEC Board's determination, with which the circuit court concurred,

---

1. We are well aware that the DHEC Board's brazen attitude and utter disregard for the proper standard of review created the procedural chaos that followed. The parties, in their respective filings with the Board, conceded that the substantial evidence standard governed the review of the ALJ's factual determinations. In defiance of the parties' concession and applicable law, the DHEC Board made its own findings

that S.C.Code Ann. § 44–7–210(E) (Supp.2000) confines contested hearings before the ALJ to the exact evidence considered during the preceding Staff Review Hearing. We agree with this assignment of error.

The DHEC Board held that the ALJ erred in considering evidence not presented during the Staff Review Hearing, all of which undisputedly related to core issues addressed during that hearing.[2] Relying on S.C.Code Ann. § 44–7–210(E), the Board stated that "parties are not allowed to submit new or additional facts for consideration at the contested case hearing which were not part of the administrative record at the time of the [DHEC Staff Review Hearing.]"[3] We find the DHEC Board's interpretation of Section 44–7–210(E) erroneous.

"The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Strother v. Lexington County Recreation Commn.*, 332 S.C. 54, 62, 504 S.E.2d 117, 121 (1998). All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute. *Kiriakides v. United Artists Communications, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). The words of the statute must be

of fact, and unapologetically refused to consider the entire record developed in the contested hearing before the ALJ.

2. Two core issues addressed in DHEC's Staff Review Hearing addressed (1) whether there was sufficient need for the proposed facility, and (2) the extent to which, if any, the proposed facility would have an adverse impact on the Hospitals. The ALJ considered evidence related to these issues, including the following evidence not presented during the preceding Staff Review Hearing: (1) expert testimony regarding need and adverse impact of the center because the experts were hired subsequent to the hearing; (2) the Hospitals' Joint Annual Reports; (3) 1997 outmigration data compiled by the Budget and Control Board; and (4) information on the impact of the federal 1997 Balanced Budget Act's reduction in payments to health care providers. This evidence dealt squarely with the issues before the ALJ.

3. The circuit court did not specifically address this issue in oral arguments, its subsequent written order, or in response to the Hospitals' motion for reconsideration.

given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitatchi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992).

Here, S.C.Code Ann. § 44–7–210(E) states "[t]he **issues** considered at the contested case hearing are limited to those presented or considered during the staff review and decision process." (emphasis added). However, the DHEC Board expansively interpreted the statute to preclude the ALJ in contested hearings from receiving any **evidence** not presented to DHEC during a Staff Review Hearing. We reject this interpretation, finding it conflicts with the plain language of the statute and the ordinary meaning of the word "issues" as used in this context.

Additionally, the interpretation advanced by the DHEC Board and circuit court is inconsistent with applicable case law providing a *de novo* review for ALJ hearings conducted in a posture similar to that in the case at bar. *See Brown*, 348 S.C. at 512, 560 S.E.2d at 413 (noting that when reviewing a contested case on appeal, the ALJ conducts a *de novo* hearing with the presentation of evidence and testimony.). A trial *de novo* is one in which "the whole case is tried as if no trial whatsoever had been had in the first instance." *Blizzard v. Miller*, 306 S.C. 373, 375, 412 S.E.2d 406, 407 (1991). Moreover, when reviewing a contested case on appeal, "[t]he ALJ, as the fact-finder, must make sufficiently detailed findings supporting the denial [or grant] of a permit application." *Converse Power Corp. v. S.C. Dep't of Health & Envtl. Control*, 350 S.C. 39, 46, 564 S.E.2d 341, 345 (Ct.App.2002). "Detailed findings enable [an appellate court] to determine whether such findings are supported by the evidence. . . ." *Id.* Here, because the ALJ was conducting a *de novo* hearing, we find that he properly considered the evidence presented in his pursuit to make "sufficiently detailed findings" of fact for subsequent review.

Based on our interpretation of the unambiguous language in S.C.Code Ann. § 44–7–210(E) (Supp.2000) and case law providing the ALJ a *de novo* review in contested hearings arising from a DHEC's Staff Review Hearing, we conclude that the DHEC Board erred in expanding the term "issues" to include "evidence." In light of the DHEC Board's error, we conse-

quently find that the circuit court erred in its acquiescence to the DHEC's Board position.

III. Substantial Evidence

 The Hospitals contend there was substantial evidence to support the ALJ's finding that the certificate of need should be denied. In particular, they maintain substantial evidence was presented to show the proposed facility would adversely impact the two existing facilities and the need for a new facility was insufficient. Consequently, based upon the credible evidence *as determined by the ALJ*, the application would not comply with the State Health Plan, thus requiring a denial of the permit by DHEC. We agree.

Under S.C.Code Ann. § 44–7–210(C) (2002), DHEC must deny a Certificate of Need if an application does not comply with the State Health Plan. Under the applicable State Health Plan, approval of an ambulatory surgical facility requires that six certain criteria must be met. These criteria include proof of a documented need for the facility and a discussion on the impact on existing facilities. The State Health Plan also ranked nine criteria to be considered while reviewing DOSC's application. The nine criteria in order of importance to DHEC are need, community need documentation, distribution (accessibility), acceptability, efficiency, adverse effect on other facilities, record of the Applicant, ability to complete the project, and financial feasibility.[4]

As previously discussed, review of the ALJ's factual determinations is measured by the substantial evidence standard. Substantial evidence is not merely a scintilla of evidence, nor is it evidence viewed blindly from one side. *Leventis v. S.C. Dep't of Health & Envtl. Control,* 340 S.C. 118, 130, 530 S.E.2d 643, 650 (2000) Instead, substantial evidence is evidence that, in light of the whole record, allows reasonable minds to reach the reviewing tribunal's conclusion. *Id.* Here, the Hospitals, as the moving parties, bore the burden of proving that DOSC's requested certificate of need should be denied. *See*

---

4. The State Health Plan also adds: "[DHEC] will continue to evaluate applications for ambulatory surgery centers on their individual merit. However, it is the determination of [DHEC] that the benefits of improved accessibility will not outweigh the adverse affects caused by the duplication of existing services or equipment."

S.C.Code Ann. § 44–7–210(E) (Supp.2000) ("The burden of proof in a reconsideration or contested case hearing must be upon the moving party.").

The ALJ found the Hospitals adequately demonstrated that the proposed facility would have a significant adverse impact on the two Hospitals and that there was not sufficient need demonstrated to justify the new facility. Given evidence presented at the ALJ hearing regarding the lack of full utilization of the Hospitals' current facilities, the probability that the new facility will not be able to recapture enough patients to meet its projections, and the result that patients would be taken from the Hospitals, we find substantial evidence existed in the record before the ALJ to support the ALJ's decision denying the certificate of need. We do recognize the evidence to the contrary. But, as noted, the appropriate standard of review precludes a *de novo* review on appeal. Where, as here, reasonable minds could reach the same decision as the ALJ, that decision is supported by substantial evidence.

## CONCLUSION

For the forgoing reasons, the decision of the circuit court is reversed, and the matter is remanded to the circuit court to reinstate the decision of the ALJ.

**REVERSED AND REMANDED.**

HEARN, C.J., and CURETON, A.J., concur.