662 S.E.2d 487

**SGM–MOONGLO, INC., Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Respondent,**

and

**Marjorie H. Smith, Appellant.**

No. 4390.

Court of Appeals of South Carolina.

Submitted May 1, 2008.
Decided May 15, 2008.
Rehearing Denied June 26, 2008.

James Ross Snell, Jr., of Lexington, for Appellant.

Robert L. Jackson, of Columbia, for Respondent SGM–Moonglo, Inc.

Thomas A. McDermott, Ray N. Stevens, Harry T. Cooper, Jr., and Nicholas P. Sipe, of Columbia, for Respondent South Carolina Department of Revenue.

GOOLSBY, A.J.

This is an appeal from an order of the Administrative Law Court (ALC) granting SGM–Moonglo, Inc. (Moonglo) an off-premises beer and wine permit. We affirm.[1]

## FACTS

In 1975, Marjorie Smith sold a tract of real property to Virginia Miller. Smith's deed to Miller contained a restrictive covenant prohibiting the sale of alcoholic beverages on the premises. Moonglo purchased the property in August 2006, and operates a truck stop on the property.

Moonglo applied to the South Carolina Department of Revenue (DOR) for an off-premises beer and wine permit. After several area residents filed protests, DOR denied the application. Moonglo then requested a contested case hearing before the ALC.

Prior to the hearing, the ALC granted Smith's motion to intervene to enforce the restrictive covenant. After a hearing, the ALC granted Moonglo an off-premises beer and wine permit, finding the property was a suitable location and Moonglo met all applicable statutory requirements for obtaining the permit. The ALC held it did not have jurisdiction to enforce a restrictive covenant because its jurisdiction was limited to whether a proposed location meets the criteria established by statute and case law. Smith appeals.[2]

## LAW/ANALYSIS

Smith argues the ALC should have considered the existence of the restrictive covenant as a factor in determining whether to grant Moonglo's petition for a beer and wine permit. Smith

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Smith also filed a separate civil action in Lexington County seeking an injunction to prohibit the sale of alcohol pursuant to the restrictive covenant. This action is pending.

contends the truck stop is not a suitable location for a permit because the restrictive covenant prohibits the sale of alcohol on the property.

Section 1–23–610 of the South Carolina Code (Supp.2006) sets forth the applicable standard of review when the court of appeals sits in review of a decision by the ALC. "The review of the administrative law judge's order must be confined to the record." [3] The court of appeals may reverse or modify the decision only if the appellant's substantive rights have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law.[4]

An administrative agency has only the powers conferred on it by law and must act within the authority created for that purpose.[5] Pursuant to section 61–4–520 of the South Carolina Code (Supp.2006), the ALC must determine whether a proposed location is proper and suitable prior to granting an off-premises beer and wine permit. Restrictions in the chain of title of a proposed location, however, are not a legitimate concern of the ALC in determining whether the location is suitable.[6] Accordingly, the ALC did not err in refusing to consider the existence of the restrictive covenant.[7]

---

3. *Id.*

4. *Id.*

5. *Bazzle v. Huff,* 319 S.C. 443, 445, 462 S.E.2d 273, 274 (1995).

6. *See Lones v. Blount County Beer Bd.,* 538 S.W.2d 386, 390 (Tenn. 1976); *see also Bd. of Tr. of Woodland Union High School Dist. of Yolo County v. Munro,* 163 Cal.App.2d 440, 329 P.2d 765, 769–70 (1958) (holding the alcoholic beverage control board did not err in granting a license where a restrictive covenant existed on the property, and finding the parties could bring an action in the courts to enforce the covenant); *Barnegat City Beach Ass'n v. Busby,* 44 N.J.L. 627, 627 (N.J.1882) (holding the court is not required to consider restrictive covenants in granting a liquor license, and restrictive covenants do not render licenses invalid).

7. We do not overlook *McLeod v. Baptiste,* 315 S.C. 246, 433 S.E.2d 834 (1993) wherein the supreme court held a remote grantor lacked standing to enforce a restrictive covenant where the grantor no longer owned real property that would benefit from the covenant's enforcement.

**AFFIRMED.**

SHORT and KONDUROS, JJ., concur.