**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeffery L. McFadden, Employee, Appellant,

v.

City of Lake City, Employer, and South Carolina Municipal Insurance Trust, Carrier, Respondents.

Appellate Case No. 2012-212278

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2013-UP-337
Heard April 11, 2013 – Filed August 7, 2013

---

**DISMISSED IN PART AND REVERSED IN PART**

---

Steven J. Wukela, of Wukela Law Firm, of Florence, for Appellant.

Grady Larry Beard and Ben Gibbs Leaphart, Jr., both of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

**PER CURIAM:** In this workers' compensation appeal, Jeffery L. McFadden appeals the Workers' Compensation Commission Appellate Panel's ("Appellate Panel") order declining to impose sanctions against the City of Lake City and the South Carolina Municipal Insurance Trust (collectively, the "City") for the denial

of medical care, pending investigation of a subsequent motor vehicle accident.  In addition, McFadden appeals the Appellate Panel's assessment of costs against his attorney for a frivolous appeal.  We dismiss in part and reverse in part.

1.      As to McFadden's issues regarding the Appellate Panel's order affirming the single commissioner's order declining to impose sanctions against the City, we find this order does not constitute a "final decision" as required by the Administrative Procedures Act ("APA") and, thus, is not immediately appealable.  The APA governs review of decisions of the South Carolina Workers' Compensation Commission by the Court of Appeals.  *See* S.C. Code Ann. §1-23-380 (Supp. 2012); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004).  The APA allows "[a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* in a contested case" to appeal the agency's decision to the Court of Appeals.  S.C. Code Ann. § 1-23-380 (emphasis added).  For an order to be final, it must "dispose[] of the whole subject matter of the action or terminate[] the particular proceeding or action, leaving nothing to be done but to enforce . . . what has already been determined."  *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010).  In the instant action, the Appellate Panel's order does not dispose of the whole subject matter of the action or terminate the action.  Instead, the order merely affirms the single commissioner's denial of McFadden's motion for sanctions and requires the parties continue with discovery.  Accordingly, McFadden's appeal relating to the denial of sanctions against the City is dismissed.

2.      As to McFadden's remaining issues regarding the assessment of hearing costs against his attorney for a frivolous appeal, we reverse.  The Appellate Panel's order requires that McFadden's "attorney, not [McFadden], . . . pay the [cost of the hearing]."  The order relies on section 42-17-80 of the South Carolina Code (Supp. 2012) to assess this sanction.  However, section 42-17-80 states: "If the Commission . . . shall determine that such proceedings have been brought, prosecuted or defended without reasonable grounds, it may assess the whole cost of the proceedings *upon the party* who has brought or defended them."  S.C. Code Ann. § 42-17-80 (Supp. 2012) (emphasis added).  Thus, the Appellate Panel lacks statutory authority to impose this sanction upon McFadden's counsel.  *See Bazzle v. Huff*, 319 S.C. 443, 445, 462 S.E.2d 273, 274 (1995) ("An administrative agency has only such powers as have been conferred by law and must act within the authority granted for that purpose.").  Accordingly, we reverse the assessment of hearing costs upon McFadden's attorney.

Based on the foregoing, McFadden's appeal is

**DISMISSED IN PART AND REVERSED IN PART.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**