# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Trident Medical Center, LLC, d/b/a Trident Medical Center, Respondent,

v.

South Carolina Department of Health and Environmental Control and Medical University Hospital Authority d/b/a MUSC Radiation Therapy Center - Berkeley County, Respondents,

Of Which, Medical University Hospital Authority d/b/a MUSC Radiation Therapy Center - Berkeley County is the Appellant.

Appellate Case No. 2019-001159

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Opinion No. 5956
Heard October 5, 2022 – Filed December 14, 2022

———————

**REVERSED**

———————

Daniel J. Westbrook, William C. Wood, Jr., Travis Dayhuff, and Allen Mattison Bogan, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

David Beam Summer, Jr., and William R. Thomas, both of Parker Poe Adams & Bernstein, LLP, of Columbia, for Respondent Trident Medical Center, LLC.

Ashley Caroline Biggers and Vito Michael Wicevic, both of Columbia, for Respondent South Carolina Department of Health & Environmental Control.

Robert L. Widener, Celeste T. Jones, and Jane W. Trinkley, all of Burr & Forman, of Columbia, for Amici Curiae Medical University of South Carolina and MUSC Strategic Ventures.

———————

**THOMAS, J:** Trident Medical Center, LLC, d/b/a Trident Medical Center (Trident), filed this action in the Administrative Law Court (ALC) against the South Carolina Department of Health and Environmental Control (DHEC) and Medical University Hospital Authority, d/b/a MUSC Radiation Therapy Center – Berkeley County (MUHA). The action contested DHEC's approval of MUHA's Certificate of Need (CON) application for a new radiation therapy center in Berkeley County. After a contested case hearing, the ALC reversed DHEC's approval and denied the application. MUHA appeals, arguing, *inter alia*, the ALC erred in exceeding its statutory authority by ruling on the validity and constitutionality of MUSC Strategic Ventures (MSV) and MUSC Health Center Cancer Care Network, LLC (the Network) when DHEC had neither considered nor addressed the issues. We reverse.

**FACTS**

In May of 2017, MUHA filed a CON application requesting approval of a radiation therapy center in Berkeley County. MUHA was identified as the licensee, and the Network[1] was identified as the management company. The CON application identified the owners as follows: Alliance[2] "is the majority owner of [the Network] with a 51% membership interest. [MSV] is the minority owner . . . with a 49% membership interest." The application proposed to "increase the capacity of MUSC Health's radiation therapy by adding a sixth linear accelerator." By letter dated June 7, 2017, Trident notified DHEC it was an affected person with respect to MUHA's application, and it opposed the approval of the application. On November 22, 2017, DHEC granted the CON to MUHA. DHEC's findings

---

[1] The Network was formed in January 2016, is authorized to do business in SC, and is owned 51% by Alliance Oncology, LLC, and 49% by MSV.

[2] A for-profit Delaware company headquartered in California.

indicate it considered the South Carolina Health Plan and the various regulations regarding community need, medically underserved groups, and financial feasibility. There is no indication DHEC considered the validity and/or the constitutionality of MSV or the Network.[3] The DHEC Board declined Trident's request for a review.

Trident filed a petition for a contested case with the ALC, arguing DHEC's decision to grant the application was arbitrary, capricious, and affected by other error of law or fact. In its opening statement at the contested hearing before the ALC, Trident also argued the proposed project did not comply with the South Carolina Health Plan; MUHA did not meet the requirements of community need, medically underserved groups, and accessibility; the project did not meet the financial feasibility requirements; and Trident would be adversely impacted by the project. DHEC opened, arguing in part that although the hearing before the ALC was de novo, the ALC could not consider issues not raised to or considered by the agency.

Trident offered numerous witnesses in support of its position during the five-days-long hearing. DHEC called one witness, Margaret Murdock, the DHEC attorney who reviewed the MUHA application. Murdock was asked if DHEC was concerned "that a company called Alliance [was]" the manager of the project rather than MUHA. MUHA objected on several grounds, including that the issue was not raised to DHEC. Counsel for Trident stated, "Thankfully it was in the CON application, so we know that it was considered." When asked what she knew about the entity Alliance, Murdock answered, "I don't recall specifically sitting here today."

At the end of all testimony, Trident argued it was entitled to judgment as a matter of law. Trident argued DHEC was not aware of the ownership of the joint venture. Trident acknowledged the operating agreement explaining the ownership was not before DHEC, asserting it was not revealed until discovery for the ALC hearing. Trident argued the ownership structure violated the statutory mandates governing MUSC. The ALC accepted Trident's written motion and adjourned to give MUHA time to respond.

---

[3] DHEC acknowledges in its brief that nothing in the CON Act, Regulations, or South Carolina Health Plan authorizes it to rule on the constitutionality of a legal entity listed in a CON application.

The ALC granted Trident judgment as a matter of law. The ALC found "[d]espite the fact that The Network or Alliance is clearly funding the project . . . , the Application identifies The Network as only the management company engaged by the licensee to manage or operate the facility." The ALC found that although the application provided various answers regarding the ownership and/or control of the facility, the "answers provide[d] a somewhat murky picture of the overall organizational structure of the proposed project" and DHEC was not aware of the ownership until the ALC hearing. The ALC found neither MUSC nor MUHA had the authority to create a joint venture with a private, for-profit company. The ALC concluded MUSC violated the constitutional prohibition against joint ownership and the Network was an unconstitutional and, therefore, an illegal or *ultra vires* entity. Finally, the ALC found Alliance, rather than MUHA, was the actual licensee of the proposed project; thus, the CON previously issued was void. Accordingly, the ALC denied the CON for MUHA's proposed project. The ALC summarily denied MUHA's motion to reconsider. This appeal followed.

**STANDARD OF REVIEW**

"The ALC presides over the hearing of a contested case from DHEC's decision on a CON application and serves as the finder of fact." *Spartanburg Reg'l Med. Ctr. v. Oncology & Hematology Assocs. of S.C., LLC*, 387 S.C. 79, 89, 690 S.E.2d 783, 788 (2010). In reviewing the appeal of a contested CON case, the Administrative Procedures Act (APA) establishes the standard of review. *See id.* at 89–90, 690 S.E.2d at 788–89 (applying the APA to the appeal of a contested case from DHEC's decision on a CON application).

The APA provides that an appellate court

> may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:
>
> (a) in violation of constitutional or statutory provisions;
> (b) in excess of the statutory authority of the agency;
> (c) made upon unlawful procedure;
> (d) affected by other error of law;

> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-610(B) (Supp. 2022).

## LAW/ANALYSIS

MUHA and DHEC argue the ALC erred in ruling on the validity and constitutionality of MSV and the Network because (1) such a ruling exceeded the statutory authority of the ALC and (2) the issues were not presented to or considered by DHEC. We agree.

### A.     Statutory Authority

We first find the ALC did not have the statutory authority to rule on the constitutionality of MSV and the Network. The General Assembly created the ALC as "an agency and a court of record within the executive branch of the government of this State." S.C. Code Ann. § 1-23-500 (Supp. 2022). "The General Assembly has the authority to limit the subject matter jurisdiction of a court it has created; therefore, it can prescribe the parameters of the ALC's powers." *Amisub of S.C., Inc. v. S.C. Dep't of Health & Envtl. Control*, 403 S.C. 576, 585, 743 S.E.2d 786, 791 (2013). "An administrative agency has only such powers as have been conferred upon it by law and must act within the granted authority for an authorized purpose. It may not validly act in excess of its powers . . . ." *S.C. Tax Comm'n v. S.C. Tax Bd. of Rev.*, 278 S.C. 556, 560, 299 S.E.2d 489, 491 (1983) (quoting 2 Am. Jur. 2d, *Admin. Law*, § 188, at 21); *see generally Travelscape, LLC v. S.C. Dep't of Revenue*, 391 S.C. 89, 108, 705 S.E.2d 28, 38 (2011) ("It is well settled in this State that ALCs, as part of the executive branch, are without power to pass on the constitutional validity of a statute or regulation.").

MUHA relies on *SGM-Moonglo, Inc. v. South Carolina Department of Revenue*, 378 S.C. 293, 662 S.E.2d 487 (Ct. App. 2008). In *SGM-Moonglo*, this court reviewed the ALC's approval of an off-premises beer and wine permit. 378 S.C. at 294, 662 S.E.2d at 488. "The ALC held it did not have jurisdiction to enforce a restrictive covenant because its jurisdiction was limited to whether a proposed location meets the criteria established by statute and case law." *Id.* This court stated:

An administrative agency has only the powers conferred on it by law and must act within the authority created for that purpose. Pursuant to [the] . . . South Carolina Code[,] . . . the ALC must determine whether a proposed location is proper and suitable prior to granting an off-premises beer and wine permit. Restrictions in the chain of title of a proposed location, however, are not a legitimate concern of the ALC in determining whether the location is suitable. Accordingly, the ALC did not err in refusing to consider the existence of the restrictive covenant.

*Id.* at 295, 662 S.E.2d at 488 (internal footnotes omitted); *see Be Mi, Inc. v. S.C. Dep't of Revenue*, 408 S.C. 290, 299, 758 S.E.2d 737, 741–42 (Ct. App. 2014) (finding the ALC could not resolve the issue of compliance with a master deed in a contested liquor license case because such an issue had to be resolved by the circuit court). Trident argues *SGM-Moonglo* is distinguishable because the issue in *SGM-Moonglo* concerned an unrelated private contract right, whereas in this case, the purpose of the CON Act, to "guide the establishment of health facilities and services which will best serve public needs," is at issue. *See* S.C. Code Ann. § 44-7-120 (2018).

However, we find nothing in the CON Act authorizes the ALC to rule on the constitutionality of a legal entity listed in a CON application. *See MRI at Belfair, LLC v. S.C. Dep't of Health & Env't Control*, 392 S.C. 314, 319, 709 S.E.2d 626, 628–29 (2011) ("The express purposes of the CON Act are 'to promote cost containment, prevent unnecessary duplication of health care facilities and services, guide the establishment of health facilities and services which will best serve public needs, and ensure that high quality services are provided in health facilities in this State." (quoting S.C. Code Ann. § 44-7-120 (2002))). DHEC must deny a Certificate of Need if an application does not comply with the South Carolina Health Plan. S.C. Code Ann. § 44-7-210(B) (2018). Under the applicable South Carolina Health Plan, the project review criteria included compliance with the need standards, community need documentation, accessibility, projected revenues, projected expenses, financial feasibility, and cost containment. Like the court in

*SGM-Moonglo*, we find the ALC's jurisdiction was limited to whether the application met the criteria established by the governing law.[4]

**B.      Contested Cases Before the ALC**

We also find the ALC erred in ruling on an issue not presented to or considered by DHEC.

A party in a contested case regarding an agency decision is required to file a notice including "the legal authority and jurisdiction under which the hearing is to be held; . . . reference to the particular sections of the statutes and rules involved; [and a] . . . short and plain statement of the matters asserted."  S.C. Code Ann. § 1-23-320 (B) (Supp. 2022).  The ALC has the authority to hear contested cases and is allowed to conduct de novo hearings.  S.C. Code Ann. §§ 1-23-380, -505(3), & -600 (Supp. 2022).  Although the ALC conducts de novo hearings, under the CON Act, "[t]he *issues considered at the contested case hearing* considering a Certificate of Need are *limited to those presented or considered* during the staff review."  S.C. Code Ann. § 44-7-210(E) (2018) (emphasis added); *see* SCALC Rule 21(B) ("Discovery in Certificate of Need (CON) contested cases is *limited to the issues presented or considered* during the staff review.") (emphasis added). "Findings of fact must be based exclusively on the evidence *and on matters officially noticed*."  S.C. Code Ann. § 1-23-320(I) (Supp. 2022) (emphasis added).

DHEC reviews an application to determine compliance "with the South Carolina Health Plan, Project Review Criteria, and other regulations."  § 44-7-210(B). DHEC's review includes, but is not limited to "the application, comments from affected persons . . . concerning the application, data, studies, literature and other information available to the Department . . . ."  S.C. Code Ann. Regs. 61-15 § 308 (Supp. 2022).  The regulations require the "Name and address of licensee or prospective licensee[, who is] . . . defined as the legal entity who, or whose governing body, has the ultimate responsibility and authority for the conduct of the facility or service; the owner of the business."  S.C. Code Ann. Regs. 61-15 § 202(2)(b)(8)(b) (Supp. 2022).

---

[4] DHEC acknowledges in its brief that nothing in the CON Act, governing regulations, or South Carolina Health Plan authorizes it to rule on the constitutionality of a legal entity listed in a CON application.

We find the issues of the constitutionality and validity of MSV and the Network were neither raised by Trident in its request for final review to DHEC nor presented to or considered by DHEC during its staff review. *See* S.C. Code Ann. § 44-7-210(E) (2018) (stating the ALC's review under the CON Act is limited to issues "presented or considered during the staff review"); § 44-7-210(C) (stating "a person may not file a request for final review in opposition to the staff decision on a Certificate of Need unless the person provided written notice to the department during the staff review that he is an affected person and *specifically states his opposition* to the application under review" (emphasis added)). On this matter, we find the ALC's reliance on *Marlboro Park Hospital v. South Carolina Department of Health & Environmental Control*, 358 S.C. 573, 595 S.E.2d 851 (Ct. App. 2004) is misplaced. The ALC correctly read the holding in *Marlboro Park*, interpreting section 44-7-210(E) as limiting a contested case hearing to the issues presented or considered by DHEC, but permitting evidence to be presented that was not presented to DHEC. 358 S.C. at 579, 595 S.E.2d at 854. However, the ALC did more than merely allow evidence to be heard that was not before DHEC by ruling on the legality and constitutionality of MSV and the Network where the ownership issue was not presented to or considered by DHEC.

**CONCLUSION**

For the foregoing reasons, the ALC's order is

**REVERSED.**

**HILL, J., and LOCKEMY, A.J., concur.**