# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Joseph G. Kelsey, #217218, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2020-001473

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Opinion No. 6020
Heard April 4, 2023 – Filed August 30, 2023

———————

## REVERSED AND REMANDED

———————

Gerald Malloy, of Malloy Law Firm, of Hartsville; Jonathan Edward Ozmint, of The Ozmint Firm, LLC, of Greenville; and Hannah Lyon Freedman, of Justice 360, John H. Blume, III, of Law Office of John Blume, and Whitney Boykin Harrison, of McGowan Hood Felder & Phillips, of Columbia, all for Appellant.

Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

Allison Elder, of Root & Rebound, of Greenville, for Amici Curiae Former Correctional Agency Heads, Correctional Administrators, and Prison Wardens.

**THOMAS, J.:**  Joseph G. Kelsey appeals the order of the Administrative Law Court (ALC), which affirmed the denial of parole by the Parole Board of the South Carolina Department of Probation, Parole and Pardon Services (the Board), arguing, *inter alia*, the Board is required to give putative parolees access to their files.  We reverse and remand.

## FACTS

Kelsey was denied parole in November of 2015 and in November of 2017.  He appealed his third denial of parole, dated November 15, 2019, to the ALC.  The ALC affirmed.  In January and March of 2018, Kelsey requested the Board's reports concerning his "suitability for parole, likelihood of reoffending, etc., and any assessment tools applied to [him] and their results."  The Board never responded to Kelsey.  At the most recent parole hearing, the Board noted that some, but not all, of its members had received a copy of Kelsey's prehearing packet.  Only five of the six members of the Board were at Kelsey's hearing, and the vote was three to two in favor of parole, or sixty percent; however, parole for a violent offense required "yes votes" from at least two-thirds, or sixty-seven percent, of the members of the Board.[1]  Because Kelsey received only sixty percent, he did not meet the sixty-seven percent requirement.  Thus, the Board denied parole.  Kelsey filed two letters requesting reconsideration and a revote before the full Board.  Kelsey also argued the Board acknowledged that some members had not received his prehearing packet, and he should be permitted an opportunity to provide additional information.

Kelsey submitted the packet to the ALC.  Among other things, the packet included (1) a list of Kelsey's jobs while incarcerated, including chaplain assistant and teaching assistant; (2) a letter from a prison minister indicating Kelsey was continuing his education in pursuit of a Bachelor's degree and he had housing at Jump Start, if paroled; (3) numerous letters of support and awards indicating

---

[1] *See* S.C. Code Ann. § 16-1-60 (Supp. 2022) (defining murder as a violent crime); S.C. Bd. of Paroles and Pardons, *Policy & Procedure Manual* 28 (2019), https://www.dppps.sc.gov/content/download/209320/4885043/file/Board+of+Parol es+and+Pardons+11062019.pdf ("In the case of violent offenders whose offenses occurred after January 1, 1986, the vote to grant parole must be by at least two-thirds of the members of the Board members present; however, only a quorum must be present to conduct business.").

academic achievement and participation in the Greenwood Crisis Stabilization Unit; (4) a psychological evaluation indicating extensive family support, a low risk of reoffending, a proposal to move in with his fiancée, if paroled, and good physical, mental, and emotional health; and (5) the letters exchanged between Kelsey's attorneys and the Board in advance of and after his parole hearing. Kelsey also filed prior denials of parole, a transcript of his parole hearing, a transcript of his co-defendant's parole hearing, and transcript portions of Kelsey's trial hearing. The Board filed a response, arguing in part that Kelsey had no right to view his parole files.

By order filed October 7, 2020, the ALC found the Board erred in "mistakenly believ[ing] that a parole applicant has no right to review his parole file." The ALC found that the requirement that an inmate notify the Board of an error in a file he had no right to see was "logically and legally absurd." The ALC further noted that documents could be redacted and/or submitted under seal. However, the ALC found the Supplemental Record on Appeal that was submitted provided it ample material for review and affirmed the Board. This appeal follows.

**STANDARD OF REVIEW**

S.C. Code Ann. § l-23-610(B) (Supp. 2022) provides the applicable standard:

> (B) The review of the administrative law judge's order must be confined to the record. The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact. The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:
> (a) in violation of constitutional or statutory provisions;
> (b) in excess of the statutory authority of the agency;
> (c) made upon unlawful procedure;
> (d) affected by other error of law;
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law." *Original Blue Ribbon Taxi Corp., v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008). "The court of appeals may reverse or modify the decision only if the appellant's substantive rights have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law." *SGM-Moonglo, Inc. v. S.C. Dep't of Revenue*, 378 S.C. 293, 295, 662 S.E.2d 487, 488 (Ct. App. 2008).

## LAW/ANALYSIS

Kelsey argues he is entitled to access his parole files. We agree.

In arguing inmates have no right to review their parole files, the Board relies on its own Form 1212, which lists the criteria for parole consideration and includes the following language:

> In deciding whether or not to grant parole, the Parole Board considers, among other things, the inmate's record before incarceration as well as during incarceration. The record itself is prepared through investigations conducted for the Parole Board, and it becomes a part of the inmate's parole file. The files are maintained by the Department of Probation, Parole and Pardon Services and are, by the statute, privileged and confidential. The confidentiality of the parole file is far reaching; inmates themselves have no right to inspect the contents of their files. *If the inmate thinks his/her file is somehow incomplete or contains some errors or other inaccuracy, he/she must notify the Board of the specific error or inaccuracy.* The Board will investigate the inquiry and notify the inmate of the action taken.

South Carolina Department of Probation, Parole and Pardon Services, *Criteria for Parole Consideration*, https://www.dppps.sc.gov/content/download/200476/4681336/file/Criteria+for+Parole+Consideration.pdf (emphasis added).

The Board also relies on numerous statutes. "The Board shall keep a complete record of all its proceedings and hold it subject to the order of the Governor or the

General Assembly."  S.C. Code Ann. § 24-21-40 (2007).  "No inmate has a right of confrontation at the hearing."  S.C. Code Ann. § 24-21-50 (2007).  "All information and data obtained in the discharge of his official duty by a probation agent is privileged information, is not receivable as evidence in a court, and may not be disclosed directly or indirectly to anyone other than the judge or others entitled under this chapter to receive reports unless ordered by the court or the director."  S.C. Code Ann. § 24-21-290 (2007).

We find the Board's reliance on section 24-21-40 is misplaced because it is merely a document retention rule and does not apply.  In addition, there is no right to confrontation pursuant to section 24-21-50 because, as the ALC found, "[t]he Board rightfully segregates the inmate from victim witnesses."  Section 24-21-50, however, does not govern an inmate's right to review his or her file.  As to section 24-21-290, we note it specifically states a court can order review of a probation agent's information and data.  In addition, as the ALC also noted, Form 1212 *requires* the inmate to notify the Board if there is an error in his or her file and to require an inmate to do so when he/she has no right to see the file "is logically and legally absurd."

The ALC rules provide for redaction and submission under seal where necessary. Rule 6(B)(1)&(2), SCALC.  The evidence underlying the basis of the Board's decision could be provided to the ALC.

> States have taken varied statutory approaches to this issue.  Some view the contents of an inmate's file as privileged and refuse access to the file altogether, at least in the absence of a court order.  Others have adopted a standard practice of permitting prisoners to review their files, sometimes because state constitution due process is read as requiring that inmates be afforded timely disclosure of the contents of their files, or reasonable summaries thereof, prior to their parole hearing.  A third group of states gives the parole board the discretion to allow a prisoner to inspect the file in an appropriate case.  Falling into this latter category in all probability are the vast majority of states whose statutes do not address the question.

Neil P. Cohen, *Procedures typically used in parole granting—Access to inmate's file and disclosure of other information*, Law of Probation & Parole § 6:20 (2d ed.

2023); *see id.* ("In the federal system, a prisoner is allowed reasonable access to a report or other document which will be used by the Parole Commission in making its determination.").

Like the ALC, we find the language of Form 1212 requiring an inmate to notify the Board if his or her file is incorrect necessarily implies the right to review the file. Although the ALC found, in this case, the Supplemental Record on Appeal "provide[d] ample material for review[,]" we find Kelsey has still not been permitted to review his parole file and thus has not been provided the referenced opportunity to notify the Board of any errors or inaccuracies he identifies. The Supplemental Record on Appeal was provided to the ALC by Kelsey, and Kelsey alleges the ALC still did not have access to his complete file. With the protections for victims in place by reasonable redaction and sealing, we find an inmate is entitled to review his or her file. Thus, we reverse and remand for Kelsey to review his file, report any inaccuracies, and be given a new parole hearing.[2]

**CONCLUSION**

Based on the foregoing, we reverse and remand to the ALC for proceedings consistent with this opinion.[3]

**REVERSED AND REMANDED.**

**MCDONALD and HEWITT, JJ., concur.**

---

[2] Based on our disposition of this issue, we decline to address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when disposition of prior issue is dispositive).

[3] In his reply brief, Kelsey states he is not "asking the courts to grant him parole, but rather to act within their lawful authority and grant him a parole hearing at which . . . the Board compl[ies] with the law."