18537

UNIVERSITY OF SOUTH CAROLINA, Petitioner-Respondent, v.
Thomas E. ELLIOTT, Treasurer of Richland County, Appellant

(149 S. E. (2d) 433)

*Joseph D. Sapp, Esq., County Attorney,* of Columbia,
*for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman,. Assistant Attorney General,* of Columbia, *for Respondent,* 

July 20, 1966.

BUSSEY, Justice.

The respondent, University of South Carolina, in June 1964 commenced an eminent domain proceeding in Richland County and, in the course thereof, deposited with the Clerk of Court of Richland County the sum of $140,000, pursuant to the provision of Section 25-109 of the 1962 Code of Laws. The Clerk of Court, although not required to do so, deposited said sum of money in one or more savings and loan associations, where it earned approximately $4,000 in interest. The condemnation case in which the deposit was made was settled, and the principal amount of the deposit in the amount of $140,000 was, by order of court, refunded to the University. At issue in this proceeding is the question of whether the aforesaid interest, now held by the Treasurer of Richland County, belongs to the University or Richland County, and the appeal is from an order of the circuit court holding that the University is entitled thereto.

The appellant's claim to the ownership of such interest is predicated solely upon the provisions of Section 1-52 of the 1962 Code of Laws, which reads as follows:

"Interest on deposits of public funds.—All State, county and municipal officers depositing funds at interest in any

bank or other depository shall account to the State, county or municipality, as the case may be, for all interest collected upon such deposits.

"Any violation of this section is declared a misdemeanor, punishable by fine or imprisonment, in the discretion of the court."

The order of the lower court, and the briefs of counsel as well, discuss at some length an annotation in 5 A. L. R. (2d) 257, wherein it is stated:

"In a number of decisions—mostly of earlier origin—the point of view has been taken that the person in charge of the funds is entitled—in the absence of statutory provisions to the contrary—to the interest or other earnings of the funds.

"According to the majority view, which has the support of all the better-reasoned cases, the officer in whose custody funds are, must, if he has handled the funds so that interest accrued thereon, account therefor in the some manner as for the principal."

An examination of the cases contained in the foregoing annotation will show that the minority rule is predicated on the view, or theory, that the officer is an absolute insurer of funds in his hands by virtue of his office. The rule that such officer is an insurer was expressly rejected by this court in *Chandler v. Britton, et al.,* 197 S. C. 303, 15 S. E. (2d) 344. On the other hand, the majority rule is predicated on the principle that the interest earned, under such circumstances, is simply an increment of the principal fund, making the interest the property of the party who owned the principal fund, and the salutary principle, long prevailing in this jurisdiction, that a fiduciary shall not be allowed to make any profit out of funds held in a fiduciary capacity. Under the foregoing principles it would seem clear that the interest involved in this case is the property of the University, unless, as contended by the appellant, Code Section 1-52 has the effect of transferring the ownership thereof to Richland County.

The appellant strongly urges that the intent of the said Code Section was to vest the title to said interest in Richland County. We deem it unnecessary to the decision of this case to determine both precisely and fully what was intended by the legislature in enacting the said statute. Suffice it to say that, for the reasons hereinafter set forth, we do not agree with the construction placed thereon by the appellant.

The caption of the Section is as follows, "Interest on deposits of public funds". Since it is proper to consider the title or caption of an act in aid of construction to show the intent of the legislature, we think that such statute has no application unless the funds deposited by the University with the clerk were "public funds". While not conclusive of the question, it was held by this court in *Chandler v. Britton, supra,* that funds deposited with the clerk, by private litigants, were not "public funds" within the purview of a statute regulating the deposit of such.

The University is, of course, a public entity, in that it is a State University, created, controlled and largely financed by the State. The source of the funds deposited by it with the clerk does not appear in the record. Assuming that such funds were public funds appropriated by the State, and still remained public funds in the hands of the University, it does not necessarily follow that they were public funds in the hands of the clerk, after being deposited by the University as a litgant. Insofar as the clerk's relation to the funds was concerned, he was simply the lawful custodian of funds deposited by a litigant, pending the termination of the litigation.

Even if it be conceded, however, that the proceeds were still public funds, in the hands of the clerk when deposited by him, such would not, we think, be dispositive of the issue before us. The statutory construction urged by appellant would deprive the University of its property right in and to the interest. It is well settled in this state that statutes in derogation of either the common law or the natural rights of person over their property are to be strictly construed and

not extended in the application thereof beyond the clear legislative intent. See *Purdy v. Moise,* 223 S. C. 298, 75 S. E. (2d) 605.

While the University is not a private person, its ■ property rights are involved. Assuming that the General Assembly has plenary power to take the property of the University and vest it in a county, we would not be warranted in concluding that it intended to do so in the absence of language clearly expressive of such intent. We see nothing in the statute which, when applied to the facts of this case, would evince an intent on the part of the General Assembly to take property belonging to the University and vest it in Richland County.

The judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.