24316

Murray J. McCUMMINGS, Appellant v. SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.

(462 S.E. (2d) 271)

Supreme Court

*J. Scott Kozacki,* Florence, *for appellant.*

*General Counsel Larry C. Batson, Deputy General Counsel Robert E. Petersen, Byron R. Roberts,* all of *South Carolina Department of Corrections,* Columbia, *for respondent.*

Heard June 15, 1995.

Decided Sept. 18, 1995.

TOAL, Justice:

This case concerns the time limits for filing petitions for rehearing of administrative agency decisions when the agency has not set any time limits. We hold that in the absence of an agency rule specifying a time limit, parties have thirty days after a final agency decision to petition the agency for rehearing or appeal the decision to the circuit court.[1]

## FACTS

Appellant Murray McCummings was fired from his job with the South Carolina Department of Corrections. He appealed his dismissal to the State Employee Grievance Committee (the Committee), which affirmed the decision of the Depart-

---

[1] Throughout this opinion, we have described the petition to the circuit court as an appeal to the circuit court in order to avoid confusing the circuit court action with the petition to the agency for rehearing. Technically, however, the circuit court action is a Petition for Judicial Review of a Final Agency Decision.

ment of Corrections. On June 29, 1993, some forty-five days after the Committee's decision, McCummings filed a petition for rehearing with the Committee. On July 7, 1993, the Committee denied the petition as untimely under S.C. Code Ann. § 1-23-380 (1986).

On August 6, 1993, thirty days after the Committee's denial of his petition for rehearing, McCummings filed an appeal with the circuit court. The Department of Corrections moved to dismiss the appeal as untimely under S.C. Code Ann. § 1-23-380 (1986), and the circuit court dismissed the appeal. McCummings appeals.

## LAW/ANALYSIS

McCummings argues the circuit court erred in construing S.C. Code Ann. § 1-23-380 (1986)[2] to require persons to appeal agency decisions to the circuit court or file petitions for rehearing within thirty days of a final agency decision, or else forfeit their right to judicial review. We disagree.

S.C. Code Ann. § 1-23-380 (1986) provides in relevant part:

(b) Proceedings for review are instituted by filing a petition in the circuit court within thirty days after the final decision of the agency or, if a rehearing is requested, within thirty days after the decision thereon.

McCummings notes the statute does not specify when the petition for rehearing must be filed. He concludes that in the absence of an administrative rule specifying a time limit for filing a petition for rehearing, an appeal is timely as long as it is filed within thirty days after a decision on a rehearing or on a petition for rehearing, no matter when the petition itself is filed.

As noted above, the statute does not specify a time limit for filing a petition for rehearing. Furthermore, the regulations pertaining to hearings before the State Employee Grievance Committee do not specify a time limit for filing such petitions. Contrary to McCummings's argu-

---

[2] The statute has since been amended, but the version cited herein was in effect at the time of McCummings's petition for rehearing and appeal. Furthermore, the amendments concern sections of the statute other than that at issue here.

ment, however, the lack of any *express* limitation on time for filing a petition for rehearing does not evince a legislative intent that the time be *limitless*. Instead, the time limit must be determined in a way that gives effect to all the provisions of the statute. *See Nucor Steel v. South Carolina Pub. Serv. Comm'n*, 310 S.C. 539, 426 S.E. (2d) 319 (1992) (statute should be construed to give force and effect to all its provisions); *see also State ex rel. McLeod v. Montgomery*, 244 S.C. 308, 136 S.E. (2d) 778 (1964) (court will reject construction of statute that would lead to absurd result not possibly intended by legislature).

Section 1-23-380(b) gives parties thirty days after an agency decision to file an appeal when the parties do not file a petition for rehearing. When parties file a petition for rehearing, they may appeal to the circuit court within thirty days after decision on the rehearing. A construction of the statute that gives parties an unlimited amount of time to petition an agency for rehearing renders the thirty-day rule for appeal meaningless. Dilatory parties simply will circumvent the thirty-day rule by filing petitions for rehearing. Therefore, we hold that in the absence of an agency rule specifying a time limit for petitions for rehearing, parties have thirty days to petition the agency or committee for rehearing or to appeal the agency's decision.

Accordingly, the decision of the circuit court is AFFIRMED.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.