732 S.E.2d 202

**Ricky RHAME, Appellant,**

v.

**CHARLESTON COUNTY SCHOOL DISTRICT, Respondent.**

**No. 5020.**

Court of Appeals of South Carolina.

Heard April 11, 2012.
Decided Aug. 8, 2012.
Rehearing Denied Sept. 20, 2012.

---

Blake A. Hewitt and John S. Nichols, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Kenneth W. Harrell and Patrick L. Jennings, both of Joye Law Firm, LLP, of N. Charleston, for Appellant.

Catherine H. Chase, Leslie M. Whitten, and Stephen L. Brown, all of Young Clement Rivers, LLP, of Charleston, for Respondent.

LOCKEMY, J.

In this appeal from the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel), Ricky Rhame contends the Appellate Panel erred when it held that his claim for a repetitive trauma injury to his back was barred by the statute of limitations. We dismiss this

appeal as untimely, and thus, we do not reach the merits of Rhame's arguments.

## FACTS

Rhame was employed by the Charleston County School District (District) as a heating and air conditioning technician from 1987 to 2009. His job frequently required him to lift heating and air conditioning equipment. According to Rhame, some of this equipment weighed as much as fifty to one-hundred pounds.

Rhame admitted he began experiencing off-and-on back pain in 1994 or 1995. Additionally, in 2006, Rhame developed a problem with his neck due to his employment, which was diagnosed as a cervical fusion. After speaking with the District about the neck problem, he was told they would not take care of it. A follow-up letter was sent to Rhame from the District confirming their denial of workers' compensation benefits for his neck injury. Rhame did not contact anyone else concerning the incident.

Rhame initiated this case by filing a Form 50 with the South Carolina Workers' Compensation Commission (Commission) on September 29, 2009. He alleged that on May 4, 2009, he sustained a back injury from repetitively picking up heavy air conditioning units. Shortly after filing the Form 50, Rhame amended it to specifically "reflect repetitive trauma for the nature of the injury."

The District answered by filing a Form 51 on October 7, 2009, in which it denied Rhame had sustained an injury by accident. Additionally, the District asserted Rhame had not complied with the Workers' Compensation Act's (WCA) notice requirement and that the claim was barred by the statute of limitations. The District contended that in 1994 or 1995, as soon as Rhame knew he was having back pain caused by his job, Rhame knew or should have known he had a compensable injury and brought a claim for benefits. Rhame explained his delay in filing a workers' compensation claim, stating: (1) his back pain was off-and-on and was never the result of a single discreet or identifiable injury; (2) he had a fear of losing his job; (3) his ability to complete his work-related duties was not affected until 2009; and (4) he was ignorant of the workers'

compensation system and the concept of repetitive trauma injuries until retaining counsel in 2009.

The commissioner heard the case on December 3, 2009, and issued an order dated February 24, 2010, and filed February 26, 2010, finding Rhame's claim was not barred by the statute of limitations.

On March 1, 2010, District filed a Form 30 requesting the Appellate Panel to review the commissioner's decision. Both parties submitted briefs to the Appellate Panel. The Appellate Panel conducted a hearing on May 17, 2010, and in an order dated and filed August 6, 2010, it reversed the commissioner's decision. The Appellate Panel found Rhame was aware of his "back injury" in 1994 or 1995, yet he did not file a claim within two years of when he knew or should have known that his claim was compensable. It also found Rhame "showed awareness of the workers' compensation system" by trying to file a claim for his 2006 neck injury, and that he delayed bringing the present claim out of fear of losing his job.

Rhame filed a petition for rehearing on September 8, 2010. The District opposed the petition, and in an order dated September 20, 2010, and filed September 21, 2010, the Appellate Panel dismissed the petition. On October 21, 2010, Rhame served and filed notice of this appeal.

## STANDARD OF REVIEW

"The South Carolina Administrative Procedures Act establishes the substantial evidence standard for judicial review of decisions by the [Appellate Panel]." *Murphy v. Owens Corning*, 393 S.C. 77, 81, 710 S.E.2d 454, 456 (Ct.App.2011) (citing S.C.Code Ann. § 1–23–380(5) (Supp.2011)). "Under the substantial evidence standard of review, this court may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law." *Id.* at 81–82, 710 S.E.2d at 456 (citing *Stone v. Traylor Bros., Inc.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004)).

" 'Statutory interpretation is a question of law.' " *Id.* at 82, 710 S.E.2d at 456 (quoting *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 479, 646 S.E.2d 162, 165 (Ct.App.2007)). "This court is free to decide matters of law with no particular deference to

the fact finder." *Id.* (citing *Pressley v. REA Constr. Co.,* 374 S.C. 283, 287–88, 648 S.E.2d 301, 303 (Ct.App.2007)).

## LAW/ANALYSIS

### Tolling the Time for Appeal by Filing a Petition for Reconsideration

■ As a threshold matter, District argues there is no statute allowing for a petition for rehearing to be filed, and an appeal pursuant to section 42–17–60 of the South Carolina Code (Supp.2011) is the only route to review a decision by the Appellate Panel; thus, District argues the time period for filing this appeal was not tolled by Rhame filing a petition for rehearing, and this appeal is untimely. We agree.

Rhame argues his right to file a petition for rehearing with the Appellate Panel is derived from section 1–23–380 of the South Carolina Code (Supp.2011). Section 1–23–380 provides that a party initiates judicial review of an agency's decision by serving and filing a notice of appeal "within thirty days after the final decision of the agency or, *if a rehearing is requested,* within thirty days after the decision is rendered." S.C.Code Ann. § 1–23–380(1) (Supp.2011) (emphasis added). He admitted the Commission has no regulation regarding the applicability of petitions for rehearing, but relied upon *McCummings v. South Carolina Department of Corrections,* 319 S.C. 440, 462 S.E.2d 271 (1995), to support his position that statutory silence on an issue does not mean it is disallowed.[1]

Section 42–17–50 of the South Carolina Code (Supp.2011) provides the procedure for appealing the commissioner's decision. It states:

---

1. *McCummings* determined whether statutory silence regarding the time limit for filing a petition for rehearing meant a party had infinite time to file it. *Id.* at 442–43, 462 S.E.2d at 272–73. Because it involved an employment grievance, we find *McCummings* inapplicable to the case at bar. Workers' compensation appeals are specifically governed by the WCA's appellate procedure statute. S.C.Code Ann. § 42–17–50 (Supp.2011); *see SGM–Moonglo, Inc. v. S.C. Dep't of Revenue,* 378 S.C. 293, 295, 662 S.E.2d 487, 488 (Ct.App.2008) ("An administrative agency has only the powers conferred on it by law and must act within the authority created for that purpose." (citing *Bazzle v. Huff,* 319 S.C. 443, 445, 462 S.E.2d 273, 274 (1995))).

If an application for review is made to the [Appellate Panel] within fourteen days from the date when notice of the award shall have been given, the [Appellate Panel] shall review the award and, if good grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives and, if proper, amend the award.

S.C.Code Ann. § 42–17–50 (Supp.2011).

"The [Appellate Panel] is the ultimate fact finder in Workers' Compensation cases and is not bound by the [ ] [c]ommissioner's findings of fact." *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 281, 519 S.E.2d 583, 591 (Ct.App.1999) (citing *Ross v. American Red Cross*, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989)). "Although it is logical for the [Appellate Panel], which did not have the benefit of observing the witnesses, to give weight to the ... [c]ommissioner's opinion, the [Appellate Panel] is empowered to make its own findings of fact and to reach its own conclusions of law consistent or inconsistent with those of the ... [c]ommissioner." *Id.* at 281–82, 519 S.E.2d at 591 (citing *McGuffin v. Schlumberger–Sangamo*, 307 S.C. 184, 185–86, 414 S.E.2d 162, 163 (1992)). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel. *Id.* at 282, 519 S.E.2d at 591 (citing *Ross*, 298 S.C. at 492, 381 S.E.2d at 730).

Section 42–17–60 of the South Carolina Code (Supp.2011) provides the procedure for appealing the Appellate Panel's decision. It states:

The award of the [Appellate Panel], as provided in Section 42–17–40, if not reviewed in due time, or an award of the [Appellate Panel] upon the review, as provided in Section 42–17–50, is conclusive and binding as to all questions of fact. However, either party to the dispute, within thirty days from the date of the award or within thirty days after receipt of notice to be sent by registered mail of the award, but not after, whichever is the longest, may appeal from the decision of the [Appellate Panel] to the court of appeals. Notice of appeal must state the grounds of the appeal or the alleged errors of law.

S.C.Code Ann. § 42–17–60 (Supp.2011).

Further, case law specifically states Rule 59(e), SCRCP motions are not applicable in matters before the Commission

itself; such motions are applicable when the circuit court sits in an appellate capacity, and they are required to preserve an issue for review by the appellate courts. *Pikaart v. A & A Taxi, Inc.,* 393 S.C. 312, 324, 713 S.E.2d 267, 274 (2011) (citing *Stone v. Roadway Express,* 367 S.C. 575, 582, 627 S.E.2d 695, 699 (2006) ("Rule 59(e) is not applicable in proceedings before the commission."); *Nettles v. Spartanburg Sch. Dist. #7,* 341 S.C. 580, 588 n. 4, 535 S.E.2d 146, 150 n. 4 (Ct.App.2000) (stating that workers' compensation law does not contain a motion to reconsider the commission's ruling; rather, a party must appeal)).

As with motions to reconsider, we find petitions for rehearing are not applicable in matters before the Appellate Panel. Thus, the petition for rehearing at issue did not toll the time to appeal the Appellate Panel's order to this court. On August 6, 2010, the Appellate Panel issued their order reversing the commissioner's award. On October 21, 2010, Rhame served and filed his notice to appeal. Rhame served and filed his notice of appeal well after the thirty day time period pursuant to section 42–16–70. Accordingly, we dismiss this appeal as untimely.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal as untimely.

**DISMISSED.**

WILLIAMS and THOMAS, JJ., concur.