**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carmen Morgan, Appellant,

v.

South Carolina Bank and Trust, Employer, and Cincinnati Insurance Company, Carrier, Respondents.

Appellate Case No. 2012-212897

―――――――――――

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2014-UP-007
Submitted November 1, 2013 – Filed January 8, 2014

―――――――――――

**VACATED**

―――――――――――

Everett H. Garner, of Holler, Garner, Corbett, Ormond, Plante & Dunn, of Columbia, for Appellant.

Shannon Till Poteat and John Gabriel Coggiola, both of Willson, Jones, Carter & Baxley, P.A., of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Carmen Morgan appeals the circuit court's order, which affirmed the decision of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel). On appeal, Morgan argues the circuit court erred in finding: (1)

she failed to timely appeal the single commissioner's order; (2) the statute of limitations barred her petition for a change of condition; (3) her hospitalization from February 28, 2006, until May 16, 2006, was not due to a work-related injury; and (4) she failed to prove a compensable change of condition.  We vacate the circuit court's order and the decision of the Appellate Panel.

We find the Appellate Panel lacked jurisdiction over this appeal because Morgan failed to timely appeal to the Appellate Panel.  To appeal a decision of the single commissioner, a party must file a Form 30 notice of appeal within fourteen days of receiving notice of the single commissioner's order.  *See* S.C. Code Ann. § 42-17-50 (Supp. 2012); 25A S.C. Code Ann. Regs. 67-701 (2012).  The single commissioner denied Morgan's petition for a change of condition by written order on July 21, 2009; however, Morgan did not file a Form 30 appeal until October 1, 2009.  Although Morgan filed a Rule 59(e), SCRCP, motion to reconsider with the single commissioner on July 31, 2009, this motion did not toll the time for Morgan to file a Form 30 because "[such] motions are not applicable before the [c]ommission itself . . . ."  *Rhame v. Charleston Cnty. Sch. Dist.*, 399 S.C. 477, 482-83, 732 S.E.2d 202, 205 (Ct. App. 2012); *see also id.* at 483, 732 S.E.2d at 205 (finding a petition for rehearing is inapplicable to matters before the Appellate Panel and, therefore, does not toll the time to file and serve a notice of appeal).  Therefore, Morgan's Form 30 was untimely, and the Appellate Panel lacked appellate jurisdiction over the appeal.  *See Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 189, 714 S.E.2d 547, 550 (2011) (finding the Appellate Panel lacked appellate jurisdiction when an appellant failed to file a Form 30 within fourteen days after receiving notice of the single commissioner's order).

Although the Appellate Panel correctly found Morgan's appeal was untimely, it erred by not dismissing the appeal for lack of jurisdiction.  Likewise, the circuit court erred in not vacating the portions of the Appellate Panel's decision that addressed the merits.  Accordingly, we vacate the circuit court's order and the decision of the Appellate Panel.[1]  *See id.* (vacating the circuit court's order and the Appellate Panel's decision when a party failed to timely appeal to the Appellate Panel).

**VACATED.**[2]

---

[1] In light of our decision, we do not address the remaining issues.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**