# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Ricky Rhame, Petitioner,

v.

Charleston County School District, Respondent.

Appellate Case No. 2012-213148

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Workers' Compensation Commission

---

Opinion No. 27516
Heard November 18, 2014 – Filed April 22, 2015

---

## REVERSED AND REMANDED

---

Blake A. Hewitt and John S. Nichols, both of Bluestein
Nichols Thompson & Delgado, of Columbia; Kenneth
W. Harrell and Patrick L. Jennings, both of Joye Law
Firm, of North Charleston, for Petitioner.

Stephen L. Brown, Catherine H. Chase, and Leslie M.
Whitten, all of Young Clement Rivers, LLP, of
Charleston, for Respondent.

---

**JUSTICE KITTREDGE:** We granted Ricky Rhame's petition for a writ of
certiorari to review the court of appeals' decision in *Rhame v. Charleston County
School District*, 399 S.C. 477, 732 S.E.2d 202 (Ct. App. 2012). We are presented

with a legal question—whether an Appellate Panel of the Workers' Compensation Commission has the authority to entertain motions for rehearing. We hold an Appellate Panel of the Commission, on review of a single commissioner's decision, has such authority, and we reverse the contrary decision of the court of appeals. We remand to the court of appeals for consideration of Rhame's appeal from the Commission.

## I.

Rhame filed a claim for workers' compensation benefits. The single commissioner found the claim compensable. Respondent sought review, and the matter was heard by an Appellate Panel of the Commission. The Appellate Panel reversed, denying the claim. Rhame filed a motion for rehearing before the Appellate Panel. He did not file his notice of appeal until after the Appellate Panel denied his motion for rehearing. The notice of appeal was filed more than thirty days after the Appellate Panel's initial denial of the claim.

The court of appeals dismissed Rhame's appeal because the notice of appeal was not filed within thirty days from the date the Appellate Panel denied his claim. *Rhame*, 399 S.C. at 482–83, 732 S.E.2d at 205. The court of appeals held that motions for rehearing are not permitted before the Commission on review of a single commissioner's decision. *Id.*

We granted Rhame's petition for a writ of certiorari, which asked this Court to reverse the court of appeals and reinstate his appeal.

## II.

Whether the legislature has granted the Commission, on review of a single commissioner's decision, the authority to entertain motions for rehearing is a question of statutory interpretation, and this Court reviews that question de novo. *Bone v. U.S. Food Serv.*, 404 S.C. 67, 75, 744 S.E.2d 552, 556 (2013). Rhame argues section 1-23-380(1) of the South Carolina Code (Supp. 2014) grants him the right to seek rehearing before the Appellate Panel of the Commission following review of a single commissioner's decision. We agree.

## III.

## A.

Section 1-23-380(1) provides:

> Proceedings for review are instituted by serving and filing notice of appeal as provided in the South Carolina Appellate Court Rules within thirty days after the final decision of the agency or, *if a rehearing is requested*, within thirty days after the decision is rendered. Copies of the notice of appeal must be served upon the agency and all parties of record.

(emphasis added).

"'The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature.'" *Ranucci v. Crain*, 409 S.C. 493, 500, 763 S.E.2d 189, 192 (2014) (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007)). "'When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning.'" *Id.* (quoting *Sloan*, 371 S.C. at 498, 640 S.E.2d at 459). "In interpreting a statute, '[w]ords must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation.'" *Id.* (quoting *Sloan*, 371 S.C. at 499, 640 S.E.2d at 459).

The plain language of section 1-23-380(1) indicates that the legislature, by including the phrase "if a rehearing is requested," intended to allow motions for rehearing before all administrative agencies that are governed by the Administrative Procedures Act (APA). *See Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981) (noting that the APA was enacted "to provide *uniform* procedures before State Boards and Commissions" (emphasis added)). Section 1-23-380 is titled "Judicial review upon exhaustion of administrative remedies." *See Lindsay v. S. Farm Bureau Cas. Ins. Co.*, 258 S.C. 272, 277, 188 S.E.2d 374, 376 (1972) ("It is 'proper to consider the title or caption of an act in aid of construction to show the intent of the legislature.'" (quoting *Univ. of S.C. v. Elliott*, 248 S.C. 218, 221, 149 S.E.2d 433, 434 (1966))). The plain and common sense interpretation envisions an expansive view of exhaustion of potential remedies before the agency and thus promotes judicial economy and avoids unnecessary appeals. A timely motion for rehearing falls squarely within the remedies

envisioned in section 1-23-380.[1]  *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into . . . court." (quotations omitted)).  Moreover, there is no statute that is in conflict with section 1-23-380 that precludes a motion for rehearing to an Appellate Panel, including sections 42-17-50 and -60.

While recognizing the right to file a motion for rehearing to an Appellate Panel, we do not construe the "*if* a rehearing is requested" language to mandate the filing of a motion for rehearing.  This is consistent with general administrative law.  *See* 73 C.J.S. *Public Administrative Law and Procedure* § 131 (2014) ("[I]f it is apparent from the statutes governing administrative proceedings that a motion for rehearing is optional, it need not be pursued in order to exhaust administrative remedies.").

**B.**

We further note that the agency promulgated regulations support our construction of section 1-23-380.  Chapter 67 of the South Carolina Code of Regulations contains myriad regulations applicable to the Commission.  For example, Articles 2 and 6 of Chapter 67 address the processing of a claim up to the hearing before a single commissioner.  Motions practice before a single commissioner is limited, as merit-based motions are disallowed. S.C. Code Ann. Regs. 67-215 (2012).[2]

---

[1]  We recognize that many courts across the country follow the general rule that "[a]n administrative agency ordinarily has the inherent authority or power to reconsider, or to reopen, a prior decision provided that such occurs within a reasonable time after the decision was made." 2 Am. Jur. 2d *Administrative Law* § 362 (2014) (compiling cases); *see also In re Crawford*, 205 S.C. 72, 95, 30 S.E.2d 841, 850 (1944) (Stukes, J., concurring) (finding that the Commission has the "inherent and implied power" to grant rehearing).  Given the clear statutory authority allowing a motion for rehearing, we do not reach the question of an administrative tribunal's inherent authority.

[2] We find a review of Article 2 compels the conclusion that it is primarily applicable to the filing and processing of a claim through the hearing before the single commissioner, often referred to as the "jurisdictional commissioner" by the Commission.  Regulation 67-215 is plainly limited to motions to the single commissioner.  *See* 8 S.C. Code Ann. Regs. 67-215(G) (2012) ("The *jurisdictional commissioner* may consider the motion after the opposing party has had ten days notice of the motion and shall grant or deny the relief requested." (emphasis

Conversely, the procedure for review by an Appellate Panel of a single commissioner's decision is contained in Article 7 of Chapter 67, entitled "review and hearing." 8 S.C. Code Ann. Regs. 67-701(A) (2012). An Appellate Panel is considered the ultimate fact-finder. *See Houston v. Deloach & Deloach*, 378 S.C. 543, 551, 663 S.E.2d 85, 89 (Ct. App. 2008) ("The final determination of witness credibility and the weight assigned to the evidence is reserved to the appellate panel. Where there are conflicts in the evidence over a factual issue, the findings of the appellate panel are conclusive." (citations omitted)).[3]

Unlike Article 2, there is no provision in Article 7 disallowing merits-based motions to the Appellate Panel. Moreover, regulation 67-712 authorizes "higher court review" and expressly incorporates "Rule 203(b)(6), SCACR." Rule 203(b)(6), SCACR is titled "Appeals from administrative tribunals" and provides the notice of appeal shall be served "within thirty (30) days after receipt of the decision. If a timely petition for rehearing is filed with the administrative tribunal, the time to appeal for all parties shall be stayed and shall run from receipt of the decision granting or denying that motion." This rule, expressly incorporated into the regulations of the Commission, clearly envisions a procedure for seeking rehearing before the Appellate Panel.

## IV.

We hold Rhame's motion for rehearing to the Appellate Panel was proper and stayed the time for serving the notice of appeal for thirty days from receipt of the decision denying the motion. We remand to the court of appeals to consider Rhame's appeal.[4]

---

added)). The dissent misapprehends the reach of Article 2 in general and Regulation 67-215 in particular. As much as the dissent wants to create a conflict between the statute and the regulations, none exists.

[3] As noted, at the Commission, it is the Appellate Panel that makes the final agency decision and compensability determination. Moreover, and while perhaps paradoxical, credibility and factual determinations are also made by the Appellate Panel, not the single commissioner. It is for this reason that a motion for rehearing is proper before the Appellate Panel and not the single commissioner.

[4] We overrule all cases that disallow a motion for rehearing to the full Commission or Appellate Panel.

**REVERSED AND REMANDED.**

**TOAL, C.J., BEATTY and HEARN, JJ., concur.  PLEICONES, J., dissenting in a separate opinion.**

**JUSTICE PLEICONES:** I respectfully dissent as in my view the Appellate Panel of the Workers' Compensation Commission has no authority to entertain petitions for rehearing. I would therefore affirm the Court of Appeals' dismissal of Claimant's appeal as untimely.

## I.     Section 1–23–380(1)

The majority holds that the "if rehearing is requested" language from § 1–23–380(1), a statute outlining the procedures for obtaining *judicial review* of an administrative decision, confers upon the Appellate Panel the authority to entertain petitions for rehearing. I disagree.

In my opinion, the majority's reliance on *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981) is misplaced. The uniformity addressed in *Lark* clarified that the standard of review applicable to a decision of the Workers' Compensation Commission is substantial evidence, rather than the previous "any evidence" standard. 276 S.C. at 135–37, 276 S.E.2d 306–07. *Lark* therefore established uniformity in the *judicial* review of an agency decision; it did not however establish procedures applicable in the practice before *every* administrative agency. Accordingly, *Lark* does not support the majority's broad interpretation of § 1–23–380.

Further, the majority does not explain how its interpretation of § 1–23–380 can be read in consonance with agency–specific statutes and regulations setting forth individualized procedures in the practice before different agencies. *See* S.C. Code Ann. § 58-27-2150 (1976) (granting the Public Service Commission the authority to rehear its decisions), S.C. Code Ann. Reg. 28-24 (West 2012) (conferring the same authority upon the Department of Consumer Affairs), S.C. Code Ann. Reg. 61-72.806 (West 2012) (doing the same for the Department of Health and Environmental Control). In contrast to these provisions, there is no statute or regulation granting the Commission the authority to entertain petitions for rehearing. *Cf.* S.C. Code Ann. Reg. 67-215 (West 2012) (stating the Workers' Compensation Commission "will not address a motion involving the merits").[5] In light of these agency–specific statutes and regulations, I decline to interpret § 1–23–380(1) in a manner that renders these provisions as surplusage. *See CFRE, L.L.C. v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (declining to interpret a statute in a manner that rendered as surplusage any word,

---

[5] I can find no support for the majority's position that Regulation 67–215 applies only to proceedings before the single commissioner.

clause, sentence, provision, or part since the Legislature "obviously intended [the statute] to have some efficacy; or the [L]egislature would not have enacted it into law"). Since the Commission is a creature of statute and has only that authority granted to it by the Legislature, and since there is no statute or regulation granting the Commission the authority to entertain petitions for rehearing, I would hold the Court of Appeals properly dismissed Claimant's appeal. *See Med. Soc'y of S.C. v. Med. Univ. of S.C.*, 334 S.C. 270, 275, 513 S.E.2d 352, 355 (1999) ("An agency created by statute has only the authority granted to it by the legislature.").

## II.     Regulation 67–712

The majority ascribes significance to the reference to Rule 203(b)(6), SCACR, in Regulation 67–712 to support its holding that the Commission has the authority to entertain petitions for rehearing. I disagree.

The reference to Rule 203(b)(6), SCACR, in Regulation 67–712 reflects an acknowledgment that judicial review of a decision by the Workers' Compensation Commission is now had at the Court of Appeals, rather than at the circuit court as was the case before the 2006 amendment to § 1–23–380. Like § 1–23–380(1), Rule 203(b)(6) simply acknowledges that some administrative agencies permit petitions for rehearing. When an agency has the authority to entertain such petitions, and rehearing is sought at that agency, the time for seeking judicial review of that agency's decision is not triggered until rehearing is granted or denied. Here, there is no grant of authority for the Commission to entertain petitions for rehearing. Therefore, the time for filing a notice of appeal began after the Appellate Panel denied the claim. *See* S.C. Code Ann. § 42–17–60 (Supp. 2014) (establishing thirty days as the time within which a party may seek review of a Commission's decision to the Court of Appeals). The Court of Appeals therefore properly dismissed the appeal since it was not filed within thirty days from the date the Appellate Panel denied the claim. Consequently, I would affirm the Court of Appeals' decision to dismiss Claimant's appeal as untimely.

## III.    Conclusion

The Legislature has not granted the Commission the authority to entertain petitions for rehearing. The Commission therefore has no such authority, and the Court of Appeals properly determined the timeline for seeking judicial review of the Commission's decision was triggered when the Appellate Panel issued its decision. I would therefore affirm the Court of Appeals' dismissal of Claimant's appeal since it was not filed within thirty days of the Appellate Panel's decision.