781 S.E.2d 151

**Ricky RHAME, Appellant,**

v.

**CHARLESTON COUNTY SCHOOL DISTRICT, Respondent.**

**Appellate Case No. 2010–175566.**

**No. 5370.**

Court of Appeals of South Carolina.

Heard Sept. 17, 2015.

Decided Dec. 9, 2015.

Rehearing Denied Jan. 21, 2016.

John S. Nichols and Blake Alexander Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Kenneth W. Harrell and Patrick L. Jennings, both of Joye Law Firm, LLP, of North Charleston, for appellant.

Stephen Lynwood Brown, Leslie Michelle Whitten, and Catherine Holland Chase, all of Young Clement Rivers, of Charleston, for respondent.

LOCKEMY, J.

In this appeal from the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel), Ricky Rhame argues the Appellate Panel erred in finding his claim for a repetitive trauma injury to his back was barred by the statute of limitations. We reverse.

## FACTS/PROCEDURAL BACKGROUND

The Charleston County School District (the District) employed Rhame as a heating and air conditioning technician from 1987 to 2009. His job frequently required him to lift heating and air conditioning equipment. According to Rhame,

some of this equipment weighed as much as one hundred pounds.

Rhame admitted he began experiencing off-and-on back pain as far back as 1994 or 1995. Additionally, in 2006, Rhame developed a problem with his neck due to his employment and underwent cervical fusion surgery. After speaking with someone with the District about the neck problem, Rhame was told they would not provide benefits. The District sent Rhame a follow-up letter confirming the denial of benefits for his neck injury. Rhame did not contact anyone else concerning the incident.

On September 29, 2009, Rhame filed a Form 50 with the Commission. He alleged that on May 4, 2009, he sustained a back injury from repetitively lifting heavy air conditioning units. Rhame amended the form shortly after filing to specifically "reflect repetitive trauma for the nature of the injury."

The District answered by filing a Form 51 on October 7, 2009. The District denied Rhame had sustained an injury by accident. Additionally, the District asserted Rhame had not complied with the Workers' Compensation Act's (the Act's) notice requirement and the claim was barred by the statute of limitations. The District contended that in 1994 or 1995, as soon as Rhame realized he was having back pain caused by his job, Rhame knew or should have known he had a compensable injury and brought a claim for benefits. Rhame explained his delay in filing a workers' compensation claim, stating (1) his back pain was off-and-on and was never the result of a single discreet or identifiable injury; (2) he had a fear of losing his job; (3) his ability to complete his work-related duties was not affected until 2009; and (4) he was ignorant of the workers' compensation system and the concept of repetitive trauma injuries until retaining counsel in 2009.

The single commissioner heard the case on December 3, 2009, and issued an order in February 2010 finding Rhame's claim was not barred by the statute of limitations and awarding benefits for temporary total disability and medical treatment.

On March 1, 2010, the District filed a Form 30 requesting a review of the single commissioner's decision by the Appellate Panel. Both parties submitted briefs. The Appellate Panel

conducted a hearing in May 2010, and in an order filed August 6, 2010, the Appellate Panel reversed the single commissioner's decision. The Appellate Panel found Rhame was aware of his "back injury" in 1994 or 1995 and he did not file a claim within two years of when he knew or should have known that his claim was compensable. The Appellate Panel also found Rhame "showed awareness of the workers' compensation system" by trying to file a claim for his 2006 neck injury and he delayed bringing the present claim out of fear of losing his job.

Rhame filed a petition for rehearing on September 8, 2010, which the Appellate Panel dismissed on September 21, 2010. On October 21, 2010, Rhame served and filed a notice of appeal with this court.

This court dismissed Rhame's appeal, finding the notice of appeal was not filed within thirty days from the date the Appellate Panel denied his claim. *Rhame v. Charleston Cty. Sch. Dist.*, 399 S.C. 477, 481–83, 732 S.E.2d 202, 204–05 (Ct.App.2012), *rev'd*, 412 S.C. 273, 772 S.E.2d 159 (2015). This court held motions for rehearing were not permitted before the Appellate Panel on review of a single commissioner's decision. *Id.* at 483, 732 S.E.2d at 205. The supreme court granted Rhame's petition for a writ of certiorari and held Rhame's motion for rehearing to the Appellate Panel was proper and stayed the time for serving the notice of appeal for thirty days from receipt of the decision denying the motion. *Rhame v. Charleston Cty. Sch. Dist.*, 412 S.C. 273, 772 S.E.2d 159, 160 (2015). The supreme court remanded to this court to consider Rhame's appeal. *Id.* at 279, 772 S.E.2d at 162.

## STANDARD OF REVIEW

 "The South Carolina Administrative Procedures Act establishes the substantial evidence standard for judicial review of decisions by the [Appellate Panel]." *Murphy v. Owens Corning*, 393 S.C. 77, 81, 710 S.E.2d 454, 456 (Ct.App. 2011) (citing S.C.Code Ann. § 1–23–380 (Supp.2011)). "Under the substantial evidence standard of review, this court may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law." *Id.* at 81–82, 710 S.E.2d at 456. "Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly

from one side of the case, but is evidence that, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." *Taylor v. S.C. Dep't of Motor Vehicles*, 368 S.C. 33, 36, 627 S.E.2d 751, 752 (Ct.App.2006) (quoting *S.C. Dep't of Motor Vehicles v. Nelson*, 364 S.C. 514, 519, 613 S.E.2d 544, 547 (2005)). "The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence." *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct.App.2008).

## LAW/ANALYSIS

Rhame argues the Appellate Panel erred in finding his claim for a repetitive trauma injury to his back was barred by the statute of limitations. Specifically, Rhame asserts the Appellate Panel erred in (1) finding the first time Rhame experienced back pain was a back injury; (2) applying the statute of limitations; and (3) finding Rhame was aware of the workers' compensation system by no later than 2006.

### I. Back Injury

■ Rhame contends the Appellate Panel's characterization of his first experience of back pain as a back injury is inconsistent with the gradual nature of a repetitive trauma and is not supported by the evidence in the record. We agree.

The Appellate Panel found Rhame (1) was aware he "had a back injury related to his is job ... in 1994 or 1995"; (2) "continued to receive pain medications, injections, and physical therapy ... since 1994 or 1995"; and (3) "missed days from work on and off from 1994 and 1995 due to ongoing pain in his back."

The District argues these findings are supported by Rhame's testimony regarding his back pain. Rhame asserts the Appellate Panel's decision did not account for the gradual and progressive nature of repetitive trauma injuries. Rhame contends the evidence in the record suggests not that he suffered an *injury* in 1994 or 1995 but that he began at that time to have off-and-on back *pain* which he knew was caused by his work.

Section 42–1–172(A) of the South Carolina Code (2015) defines "repetitive trauma injury" as "an injury which is gradual in onset and caused by the cumulative effects of repetitive traumatic events." In *Schurlknight v. City of North Charleston*, 352 S.C. 175, 178, 574 S.E.2d 194, 195 (2002), our supreme court held repetitive trauma injuries have a gradual onset caused by the cumulative effect of repetitive traumatic events or "mini-accidents." The court noted "it is difficult to determine the date an accident occurs in a repetitive trauma case because there is no definite time of injury." *Id.*

We find the substantial evidence in the record does not support the Appellate Panel's finding Rhame suffered a back injury in 1994 or 1995. The evidence in the record indicates Rhame began experiencing back *pain* in 1994 or 1995, not that he suffered an *injury* in 1994 or 1995.

Rhame admitted he began having back pain in 1994 and 1995 and he knew this pain was work-related. Rhame testified the pain was "off-and-on" and he would sometimes seek medical attention where he would receive medication for pulled muscles and return to work after his back pain eased. The evidence in the record describes progressive and intermittent back pain that took Rhame to the doctor in either 1994 or 1995, as well as for visits in 2001, 2002, 2006, and 2007. According to Rhame, his back pain retained its off-and-on character until May 2009, when he moved a particularly heavy unit and "couldn't even stand up straight" afterwards. Following the May 2009 incident, Rhame's doctors told him he could no longer work. Rhame testified that since May 2009, he has experienced a constant, throbbing pain from his lower back down the front of his right leg. He further testified he cannot walk more than a block, stand upright for any substantial length of time, put on his pants, get clothes out of the dryer, or tie his shoes without pain.

The Appellate Panel's decision takes an early occurrence of Rhame's back pain and finds that occurrence of pain to be an injury. However, Rhame continued to work his same duties for the District for another fifteen years, was never given any light duty restrictions, and never missed work for more than "a day or two, here and there, for pulled muscles." The first evidence of the possibility of a permanent injury appears in a

2007 notation in Rhame's medical records, which reads "[h]e may be at risk because of his job to get lumbar [meaning lower back] problems also." The evidence again was that since 1994 or 1995, Rhame was having intermittent back pain that was not diagnosed as relating to any permanent injury and did not appear to create any permanent restriction on his ability to perform his job. This court has previously rejected the argument that a worker with a repetitive trauma injury experiences an injury when the worker first experiences adverse symptoms. *See Bass v. Isochem*, 365 S.C. 454, 481, 617 S.E.2d 369, 383 (Ct.App.2005) (rejecting the argument that claimant suffered a single injury on the date she began to experience problems with her arms and holding the only evidence in the record was that claimant suffered a sustained repetitive trauma injury over a period of time which later culminated in disability). Accordingly, we reverse the Appellate Panel's finding that Rhame suffered a back injury in 1994 or 1995.

## II. Statute of Limitations

■ Next, Rhame argues the Appellate Panel erred in finding he failed to file his claim within the statute of limitations. We agree.

"For a 'repetitive trauma injury' . . ., the right to compensation is barred unless a claim is filed with the commission within two years after the employee knew or should have known that his injury is compensable but no more than seven years after the last date of injurious exposure." S.C.Code Ann. § 42–15–40 (2015).

As stated above, repetitive trauma injuries have a gradual onset caused by the cumulative effect of repetitive traumatic events. Determining the date an accident occurs in a repetitive trauma case is difficult because repetitive trauma injuries, by their nature, lack a definite time of injury.

We find the substantial evidence in the record does not support the Appellate Panel's finding Rhame failed to file his claim within two years of when he knew or should have known

his claim was compensable. The record contains no evidence Rhame was aware he was suffering from a repetitive trauma injury prior to May 2009.[1] While Rhame experienced off-and-on back pain since 1994 or 1995, it was not until May 2009 that he began experiencing constant, throbbing pain that interfered with his ability to perform his job. Furthermore, it was not until May 2009 that Rhame was diagnosed with disc disruption and lumbar radiculitis and told by his doctor he could not work. For the foregoing reasons, we find Rhame was not aware his back injury was compensable until May 2009. Therefore, his Form 50, filed in September 2009, was timely pursuant to section 42–15–40. Accordingly, we reverse the Appellate Panel's decision and reinstate the single commissioner's award of benefits.

## III. Rhame's Awareness of the Workers' Compensation System

Rhame argues the Appellate Panel erred in finding he was aware of the workers' compensation system by no later than 2006. Based upon our decision to reverse above, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues when disposition of prior issue is dispositive).

## CONCLUSION

We reverse the Appellate Panel's finding Rhame's claim for a repetitive trauma injury to his back was barred by the statute of limitations.

**REVERSED.**

FEW, C.J., and KONDUROS, J., concur.

---

1. We note that although a 2007 notation in Rhame's medical records indicated he *may* be at risk of developing lumbar problems, Rhame was not diagnosed with an injury at that time.